**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTONIO HARRISON, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil No. 08-1178 (RBK) |
| v. | : | |
| PAUL SCHULTZ, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES:**

    ANTONIO HARRISON, #52608-066
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320
    Petitioner Pro Se

**KUGLER**, District Judge

Antonio Harrison, a prisoner confined at the Federal Correctional Institution at Fairton, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence of 193 months based on violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Having thoroughly reviewed the Petition, this Court will summarily dismiss the Petition for lack of jurisdiction.

### I.  BACKGROUND

Petitioner challenges a 193-month sentence imposed by the United States District Court for the Eastern District of Pennsylvania on November 16, 1999, after he pled guilty pursuant

to a plea agreement to violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).[1]  See United States v. Harrison, Crim. No. 99-0094 (MK) judgment (E.D. Pa. Nov. 16, 1999), aff'd, 234 F. 3d 1266 (3d Cir. 2000) (table).  The Court of Appeals for the Third Circuit affirmed the conviction in an unpublished opinion filed September 26, 2000.  Id.  On November 10, 2005, Petitioner filed a motion to recall the mandate, which the Court of Appeals denied on December 16, 2005.  See United States v. Harrison, C.A. Docket 99-1962 order (3d Cir. Dec. 16, 2005).

On January 11, 2006, Petitioner filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Pennsylvania.  See United States v. Harrison, Crim. No. 99-0094 (MK) motion to

---

[1] Section 922(g)(1) provides that it is unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(g)(1).  Section 924(e)(1) provides: "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)."  18 U.S.C. § 924(e)(1).

2

vacate sentence (E.D. Pa. Jan. 11, 2006).[2]  The United States filed a motion to dismiss the § 2255 motion as untimely, arguing that the one-year statute of limitations expired on January 18, 2002, four years before Petitioner filed his § 2255 motion.  By order entered April 25, 2006, United States District Judge Marvin Katz granted the government's motion to dismiss, denied the § 2255 motion for the reasons stated in the government's motion, and denied a certificate of appealability.  See United States v. Harrison, Crim. No. 99-0094 (MK) order (E.D. Pa. April 25, 2006).  On November 14, 2006, the United States Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability:

---

[2] The § 2255 motion presented the following claims:

After carefully reviewing the recent Supreme Court decisions in Blakely v. Washington and U.S. v. Booker which was decided on Jan. 11, 2005 I believe that I may be serving an illegal sentence and am entitled to have my original sentence vacated and that I be resentenced in line with the evidence and charges presented in my indictment . . .

On November 16, 1999 petitioner pled guilty to one count of felon in possession of firearm without knowing he would be enhanced.  Petitioner received a sentence of 193 months and five years supervised release.  Without the enhancement, petitioner would have been sentenced in category IV, level 26, which is 92-115 months.  Petitioner believes he was misclassified as an armed career offender.  In light of Shepard v. United States, 544 U.S. ____ (2005), 161 L. Ed. 2d 205, 125 S. Ct. 1254.

United States v. Harrison, Crim. No. 99-0094 (MK) motion to vacate sentence (E.D. Pa. Jan. 11, 2006).

> Order denying request for certificate of
> appealability by Appellant Antonio Harrison,
> as jurists of reason could not debate that
> the District Court properly dismissed
> Appellant's 28 U.S.C. Section 2255 motion as
> untimely filed.  Appellant's Section 2255
> motion was filed more than one year after his
> conviction became final.  See 28 U.S.C.
> Section 2255 paragraph 6(1).  As neither
> Apprendi v. New Jersey, 503 U.S. 466 (2000),
> nor Shepard v. United States, 544 U.S. 13
> (2005), have been made retroactively
> applicable to cases on collateral review,
> Appellant's motion cannot be considered
> timely filed under 28 U.S.C. Section 2255
> paragraph 6(3).

Harrison v. United States, C.A. Docket 06-2573 order (3d Cir. Nov. 14, 2006).

Petitioner, who is confined at FCI Fairton, executed the § 2241 Petition presently before this Court on March 5, 2008.  The Clerk received it on March 7, 2008, accompanied by a Memorandum of Law.  Petitioner challenges his federal sentence under 28 U.S.C. § 2241 on two grounds, which are set forth below verbatim:

> Ground One: THE INFORMATION USED TO ENHANCE
> APPELLANT FOR A.C.C.A. IS NOW AN ACTUAL
> INNOCENCE ISSUE UNDER 18 U.S.C. § 924.
>
> Supporting FACTS: Based on conviction for
> drugs does not constitute conviction for a
> serious drug offense under the armed career
> criminal act.  18 U.S.C. § 924(e)(A)(ii).
>
> Ground Two: THE LAWYER WAS INEFFECTIVE FOR
> NOT RAISING 18 U.S.C. § 3582, REQUIRING
> SENTENCING COURTS TO CONSIDER ALL APPLICABLE
> 18 U.S.C. § 3553(A) FACTORS.

Supporting FACTS: (See Attachment)[3]

(Pet. ¶¶ 10.a., 10.b.)

## II. DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court. See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that

---

[3] Petitioner asserts in his memorandum of law: "The lawyer of record never made any objection to Harrison's being sentenced under the ACCA and the court found that Harrison's criminal record qualified. Had counsel investigated, he would have found, in light of several mitigating factors under 18 U.S.C. § 3553(A), that Harrison does not have serious offenses that triggers an ACCA, and the conviction of note was as a juvenile that was adjudicated as an adult." (Mem. of Law, p. 6.)

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

Section 2255 prohibits a second or successive motion under § 2255 unless the Court of Appeals having jurisdiction over the sentencing court certifies that (1) the motion is based on newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty or (2) the motion pertains to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. §§ 2255, 2244(b).

Most importantly, § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under 28 U.S.C. § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[4]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

---

[4] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

6

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.

In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after

7

Dorsainvil's first § 2255 motion was decided.[5]  The Court of Appeals first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims.  However, the court held that, under the narrow circumstances present, § 2255 was inadequate and ineffective:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.  **However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.**

Dorsainvil at 251 (emphasis added).[6]

---

[5] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct.  The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final.  See Bousley v. United States, 523 U.S. 614 (1998).  "[D]ecisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'"  Id. at 620 (1998) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

[6] Several courts of appeals have adopted similar tests.  See, e.g., Reyes-Requena v. United States, 243 F.3d 893, 904 (5th
(continued...)

In this case, the grounds which Petitioner presents in his § 2241 Petition were raised by Petitioner in his § 2255 motion, or could have been raised. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief [under § 2255], the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F. 3d at 539; see also Litterio v. Parker, 369 F. 2d 395, 396 (3d

---

[6](...continued)
Cir. 2001) ("We therefore hold that the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) ("The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes that the prisoner was convicted of a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) ("A federal prisoner should be permitted to seek habeas corpus relief only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion"); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997).

Cir. 1966) (per curiam) (sentencing court's denial of identical claims does not render § 2255 remedy inadequate or ineffective). Moreover, § 2255 is not inadequate or ineffective where the sentencing court "could have entertained the prisoner's claim[s], inquired fully into the facts and granted the very relief the prisoner is seeking."  United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

Because § 2255 is not an inadequate or ineffective remedy for Petitioner's claims, this Court lacks jurisdiction to entertain them under § 2241, and will dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


S/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**


Dated:    March 17 , 2008